BLASCHKE v. FERGUSON & DYESS.
(No. 5990.)

(Court of Civil Appeals of Texas. Austin.
Feb. 5, 1919.)

1. BROKERS ☞67(2)—COMMISSION FROM BOTH
PARTIES.

That plaintiffs were also representing the party to whom the exchange of land was made would not bar commissions from defendant, who knew thereof.

2. TRIAL ☞255(13) — REQUESTS — DUTY TO
MAKE.

In suit for commission on exchange of lands, if defendant desired charge as to what was meant by listing land for sale, he should have requested the same.

3. TRIAL ☞234(7)—INSTRUCTIONS—BURDEN
OF PROOF.

In suit for commission on exchange of land, charge *held* not subject to objection that it placed burden of proof "upon the defendant to establish that he did not list his land with plaintiffs."

Appeal from Bell County Court; M. B. Blair, Judge.

Suit by Ferguson & Dyess against F. J. Blaschke. Judgment for plaintiff, and defendant appeals. Affirmed.

Stanton Allen, of Bartlett, for appellant. A. D. Dyess, of Houston, for appellee.

JENKINS, J. Our former opinion herein having been written under a misapprehension as to the material fact of record, the same is withdrawn, and this opinion is substituted in lieu thereof.

The appellees, who are real estate brokers, brought suit to recover of appellant commission on exchange of land, which they alleged appellant had listed with them upon an implied contract to pay them the reasonable value for such service, which they alleged to be 2½ per cent. on the price received for the land in said exchange.

Appellant denied that he ever listed his land with appellees for any purpose, or that appellees represented him in said transaction, but that their sole employment was as the agent of H. G. Wagner, the party with whom the exchange was made, and from whom they received a commission for their services in such transaction.

The case was submitted to a jury upon the following charge:

"Gentlemen of the jury, plaintiffs bring this suit for the recovery of 2½ per cent. of $13,000, which they allege is due them as the procuring cause for the sale of a farm belonging to the defendant, and which the defendant had listed with plaintiffs for sale, and further allege that the defendant knew plaintiffs were in the real estate business and accustomed to receive commissions on sales made by them, and that the customary commission paid to real estate dealers for the exchange of land is 2½ per cent., and that their services were reasonably worth $325.

"The defendant answers by a general demurrer and general denial, and specially denies that he ever listed land with plaintiffs for sale as alleged in plaintiffs' petition, and denies that he ever agreed to pay plaintiffs any commission for making the exchange of said land to any one, and further alleges that he personally represented himself in making said real estate deal with H. G. Wagner, and that the plaintiffs were not entitled to any commission from him, and that he told plaintiffs to obtain $13,000 net to him for said property.

"I. Now you are instructed that if you believe from a preponderance of the evidence that defendant listed his land with the plaintiffs, and that it is the prevailing custom to pay real estate dealers 2½ per cent. on the exchange of land, and that said exchange was made, then you will find for the plaintiffs, and assess their damages at 2½ per cent. of the total value of the lands so traded or exchanged, if such is the case.

"II. Now if you believe from the evidence that the said F. J. Blaschke did not list his land with the plaintiffs, or that it is not the prevailing custom to pay 2½ per cent. of the total sale price of the property for exchange of the same, or that the defendant did tell the plaintiffs that they were to receive $13,000 net to him for his land, then and in either event you will find for the defendant, and so say by your verdict.

"III. You are instructed that the burden is upon the plaintiff to prove all matters and facts necessary to entitle him to recover by a preponderance of the evidence.

"You, the jury, are the exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given their testimony, but you are bound to receive the law from the court, which is herein given you, and be governed thereby."

The jury returned a verdict for appellees for $325, and judgment was entered in accordance therewith.

[1] Appellant's first assignment of error is that the court failed to submit to the jury the issue as to whether the plaintiffs "were acting as the agent of H. G. Wagner in effecting the trade between Wagner and defendant, and that therefore plaintiffs were not entitled to receive commission from defendant." We overrule this assignment, for the reason that it is not the law that a real estate broker is not entitled to recover commission from both parties to an exchange of land, where such fact is known to both of such parties. Appellant alleged that he knew that appellees were representing Wagner in the transaction, and for this reason he did not suppose they would charge him a commission.

[2] Appellant's objection to the charge that the court did not instruct the jury as to what is meant by listing land for sale is without merit. If appellant desired a charge on this subject, he should have requested same, which he did not do.

[3] Appellant further objected to the charge, because "the burden of proof is placed upon the defendant to establish that he did not list his land with the plaintiffs." An inspection of the charge which is set out herein will show that it is not subject to this criticism.

The evidence sustains the verdict of the jury.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.